NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DANIELLE GAGNON, *Petitioner/Appellee*,

*v.*

BRYAN C. GREENE, *Respondent/Appellant*.

No. 1 CA-CV 21-0132 FC
FILED 10-14-2021

Appeal from the Superior Court in Maricopa County
No. FC2014-000813
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Danielle Gagnon, El Mirage
*Petitioner/Appellee*

Bryan Greene, Phoenix
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

**¶1**          Bryan C. Greene ("Father") appeals the superior court's order modifying legal decision-making, parenting time and child support. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**          "We view the evidence in the light most favorable to upholding the decision." *Walsh v. Walsh*, 230 Ariz. 486, 490, ¶ 9 (App. 2012). Father and Danielle Gagnon ("Mother") divorced in 2014 and have three minor children. Since a modification order in 2018, the parties have shared equal parenting time and joint legal decision-making with neither parent having final authority.

**¶3**          In August 2020, Mother petitioned to modify the parenting plan and alleged Father's anger issues were negatively impacting the children. At an evidentiary hearing, the court heard from Mother and Father and considered a court-ordered interview of their 14-year-old daughter. The court found credible evidence that Father's behavior had significantly strained his relationship with the children and endangered their mental health and wellbeing.

**¶4**          The court determined Father's behavior was a material change in circumstance since the 2018 order and granted Mother final legal decision-making authority and reduced Father's parenting time to every other weekend. The court also increased Father's monthly child support payment to correspond to the new parenting plan.

**¶5**          We have jurisdiction over Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

**¶6**          Father argues insufficient evidence supports the court's finding that his behavior constituted a material change in circumstance and the resulting parenting time schedule, legal decision-making order and child support calculation were error. We review orders modifying parenting plans and child support for an abuse of discretion, but we will not reweigh the evidence. *See Backstrand v. Backstrand*, 250 Ariz. 339, 343 ¶ 14 (App. 2020) (legal decision-making and parenting time); *Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015) (child support).

¶7        Father has not provided a transcript of the proceedings, references to the evidence presented to the superior court or citations to any legal authority in support of his argument. *See* ARCAP 11(c)(1)(A) (requiring appellant to provide the record necessary for appellate court to decide the issue); ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."); ARCAP 13(a)(7)(A) (requiring briefing to contain references to the record and citations to legal authority). To the extent that Father references the record, he asks us to reweigh the evidence, which we will not do. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) ("Our duty on review does not include re-weighing conflicting evidence or redetermining the preponderance of the evidence.").

¶8        Father's brief included documents that he did not present to the superior court. We decline to consider evidence that is not in the record on appeal and issues raised for the first time on appeal. *See* ARCAP 11(a)(1) (defining the official record on appeal); *Englert v. Carondelet Health Network*, 199 Ariz. 21, 26, ¶ 13 (App. 2000*)*.

¶9        Here, the court found credible evidence of changed circumstances affecting the children's welfare, and after considering the factors in A.R.S. § 25-403(A), concluded the children's best interests required modification. *See Backstrand*, 230 Ariz. at 339, ¶ 1 (describing two-step process for modifying based on changed circumstances). We cannot say the court abused its discretion. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (explaining appellate court presumes that missing portions of the record support the superior court's decision).

## CONCLUSION

¶10        For the reasons stated, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA